FILED
2010 Jul-23  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**BRYANT KEITH COLE,**  ]
 ]
   Plaintiff,  ]
 ]
   vs.  ]  CV 10-J-49-S
 ]
**MICHAEL J. ASTRUE,**  ]
**Commissioner of the Social**  ]
**Security Administration**,  ]
 ]
   Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff is seeking reversal of the Commissioner's decision that his Social Security Disability Benefits are due to be ceased based on substantial improvement. The plaintiff originally was found disabled and qualified for benefits as of January 15, 1995, due to mental retardation and major depression (R. 22, 46). These benefits were continued in 1999 after a continuing disability review (R. 46). However, his benefits were terminated effective October 2004 due to a finding of insufficient evidence to substantiate disability due to malingering (R. 46, 48 ). The plaintiff opted to have his benefits continue while he appealed this finding. On appeal to this court, the plaintiff alleges that the finding of the Administrative Law Judge, that the plaintiff's benefits were properly stopped due to

malingering, is not supported by substantial evidence and that this finding is based on a lack of due process and "bad law." Plaintiff's memorandum (doc. 9).

The plaintiff asserts that the ALJ failed in his duty to develop a full and fair record because the plaintiff was unrepresented at the hearing. Plaintiff's memorandum, at 7. However, upon informing the ALJ at the first setting of hearing that he did not wish to proceed without an attorney, the ALJ postponed the hearing, provided the plaintiff with a list of attorneys who handle Social Security claims, advised the plaintiff that he would update the plaintiff's medical records, and told the plaintiff that upon rescheduling, the hearing would go forward whether the plaintiff had a lawyer by then or not (R. 349-353, 362). When the plaintiff appeared at the second hearing unrepresented, the ALJ moved forward with the hearing (R. 325). Although the plaintiff asserts the ALJ failed to obtain a valid waiver of plaintiff's right to counsel, the plaintiff offers no further explanation than this bald statement. Plaintiff's memorandum at 8.

The plaintiff next faults the ALJ for not following the sequential analysis. Plaintiff's memorandum, at 8. The ALJ's rationale was that at two separate psychological consultative examinations, with IQ testing, two separate psychological examiners reported that neither could validly assess the plaintiff due to his failure to put forth his best efforts. For example, at the August 2004 assessment, the psychologist, Cynthia A. Neville, Ph.D., noted that the plaintiff "stopped trying," refused to continue, declined to attempt to comply with what was asked of him, and that "it should be noted that the claimant clearly did not put forth much effort and appeared to be malingering" (R. 248-249). She continued that "[t]he current results are considered invalid and an underestimate of the claimant's true intellectual level which probably falls in the low end of the Borderline range" (R. 249). Dr.

Neville's diagnoses included alcohol abuse, dysthymic disorder, malingering, borderline intellectual functioning, diabetes, and gout (R. 250).

A physical consultative examination in September 2004 concluded that the plaintiff suffered from anxiety and depression, questionable mental retardation, and diabetes, but could stand, sit, and walk for an eight hour work day without limitation, lift and carry 50 pounds frequently and 100 pound occasionally, with no other limitations (R. 254-255). A further psychological consultative examination in January 2005 noted again that the plaintiff appeared to exert little to no effort (R. 275). This psychologist, Teresa Bondurant, Ph.D., concluded that the plaintiff suffered from personality disorder, not otherwise specified, alcohol and cocaine dependence, borderline intellectual functioning to mild mental retardation, and malingering (R. 273-276).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff had a legal obligation to cooperate with the continuing disability review process. His failure to do so provides ample support for the termination of his benefits.

> Under limited circumstances, the ALJ must find the Claimant ineligible even if his medical condition has not improved. See 20 C.F.R. §§ 404.1594(e), 404.1594(f)(5). If the claimant fails to cooperate with the continuing disability review process, he may be found ineligible. 20 C.F.R. § 404.1594(e)(2).... The ALJ must also consider any mental impairment that the claimant may have when evaluating the claimant's ability to cooperate with the disability review process. See *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir.1992).

>However, in the absence of a good excuse for non-cooperation, the claimant must be disqualified.

*Anderson v. Barnhart,* 2003 WL 21735558, 1 (N.D.Cal.2003).  The court noted that the record did not indicate a connection between that claimant's condition and his failure to cooperate.  Likewise, this court finds any such connection absent.

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence.  Accordingly, the ineligibility decision of the Commissioner must be affirmed.

Done, this 23rd day of July, 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE